[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Martin Zeldis, Esq., Defense Counsel, for Petitioner
John M. Bailey State's Attorney, Hartford County for the State.
SENTENCE AFFIRMED.
BY THE DIVISION: The petitioner, who was thirty years CT Page 2310 of age at the time of sentencing, was convicted after a trial by jury of the following offenses:
D.N. 54893:
Sexual Assault 1st degree — (53a-70(a) 5 Counts
Sexual Assault 2nd degree — (53a-71(a)(1) 5 Counts
Risk of Injury (53-21) 5 Counts
D.N. 54892:
Sexual Assault, 1st degree (53a-70(a) 3 Counts
Sexual Assault, 2nd degree (53a-71(a)(1) 3 Counts
Sexual Assault, 4th degree (53a-73(a)(1)(a) 2 Counts
Risk of Injury, (53-21) 4 Counts
In D.N. 54893 he was sentenced to 20 years on each count of Sexual Assault, 1st degree, all concurrent; 10 years on each count of Sexual Assault 2nd degree, all concurrent; 10 years on the remaining two counts of Risk of Injury, concurrent with each other, but consecutive to the other sentences making the total effective sentence in D.N. 54893 thirty years.
In D.N. 54892 he was sentenced to 20 years on each count of Sexual Assault, 1st degree; 10 years on each count of Sexual Assault, 2nd degree; 1 year on each count of Sexual Assault, CT Page 2311 4th degree; and 10 years on each count of Risk of Injury. The sentences in D.N. 54892 were all concurrent with each other and concurrent with D.N. 54893, thus the total effective sentence in both cases was 30 years.
These convictions involve the petitioner's multiple instances of sexual misconduct on divers dates between 1985 and 1987. The two victims who were sisters ages 11 and 12 when the complaints were made (and younger when the crimes took place) were sexually abused by this petitioner over a period of time. The most serious and heinous offenses involve the repeated rapes of the two victims — which are reflected by those convictions for Sexual Assault, 1st degree.
The victims will likely need long term treatment to help them cope with the results of these two Assaults on them.
The petitioner in his request for a sentence reduction states that there were 5 others who were charged with various offenses involving the same victims and their sentences ranged from suspended sentences to 20 years, suspended after 10 years. That information, assuming it is accurate, does not impact on our review of this sentence. We have no way to compare the backgrounds and the crimes of those other people and cannot know why they were sentenced, or for what crimes. The petitioner also claims that the State's Attorney made unsubstantiated accusations and statements at the sentencing hearing which were detrimental to him and that the sentencing court must have considered them.
The sentencing Court, however, pointed out that it was considering the petitioner's conduct with these two victims, the betrayal of trust by a trusted friend of the family, and the severe emotional impact on the victims. Nothing in the Court's comments indicated it gave weight to matters outside of those directly related to the case at hand. The sentencing court had the full opportunity to assess the trauma to these young victims and the petitioner's likelihood of rehabilitation in view of his position throughout.
The seriousness of these offenses cannot be doubted. The penalty imposed was substantially below the maximums which could have been imposed. The Division concludes that they were appropriate under all the circumstances and they are affirmed.
LAWRENCE C. KLACZAK, JUDGE
JOSEPH J. PURTILL, JUDGE CT Page 2312
RAYMOND R. NORKO, JUDGE
Purtill, Klaczak and Norko, J.'s, participated in this decision.